# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA JASPER DIVISION

| | |
|---|---|
| TONY KIDD ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| Vs. ) | |
| ) | |
| CITY OF JASPER, ALABAMA ) | CASE NO.: |
| And DAVID O'MARY, MAYOR ) | |
| In his individual capacity and JOE ) | |
| MATTHEWS, JASPER ) | |
| PARKS & RECREATION MANAGER ) | |
| FOR THE CITY OF JASPER, ) | |
| In his individual capacity, ) | |
| ) | JURY TRIAL DEMANDED |
| DEFENDANTS ) | |

## COMPLAINT

## PRELIMINARY STATEMENT

This action arises under the provisions of Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991,Section 1981 (a), 42 U.S.C. § 1981, the Civil Rights Act of 1866, as amended, 42 U.S.C. Section 1983 as all actions alleged were under color of state authority and the Fourteenth Amendment Equal Protection Clause to the United States Constitution and common law claim for breach of contract.

Tony Kidd, (hereinafter Kidd), is an African American and former employee of the City of Jasper, Alabama . Kidd seeks declaratory, injunctive and

1

other relief to redress a deprivation by defendants, City of Jasper, Alabama, Mayor David O'Mary, Mayor of the City of Jasper, Alabama, in his individual capacity and Joe Matthews, Parks and Recreation Manager, in his individual capacity (hereinafter Defendants), of Kidd's right to be free from employment discrimination because of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, The Civil Rights Act of 1991, and Section 1981, the right to make and enforce contracts as is enjoyed by white citizens pursuant to 42 U.S.C. § 1981 and 42 U.S.C. Section 1983, as all actions were under color of state authority. Plaintiff also alleges common law breach of contract by the Defendants. At all times Defendants, whether plural or singular, acted under color of state authority in violation of (42 U.S.C. §1981) 42 U.S.C §1983 and in violation of the Fourteenth Amendment to the United States Constitution which resulted in the denial of Equal Protection of the law and the denial of Kidd's right to Equal Protection of the law because of his race.

## JURISDICTION AND VENUE

1. JURISDICTION of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(3), 1343(4) and 28 U.S.C. §§ 2201 and 2202. The unlawful denial of the right to contract pursuant to Section 1981, the Civil Rights Act of 1866, and through 42 U.S.C. Section 1983. Plaintiff alleges that all actions were under color of state action and violation of the Equal Protection Clause of the Fourteenth

Amendment to the United States Constitution, alleged herein below was committed by Defendants, within Walker County, Alabama. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## ADMINSTRATIVE PREREQUISITES

2. The plaintiff has met all administrative conditions precedent for the filing of this case pursuant to Title VII. Plaintiff was issued a Dismissal and Notice of Rights to Sue on April 14, 2017. Plaintiff is filing his action within 90-days of receipt of his of the Notice of Right to Sue from the EEOC. Plaintiff's other claims do not require administrative exhaustion.

## PARTIES

2. Tony Kidd is an African-American male and was employed with the defendant in a non-permeate position for 3 1/2 years with no incidents and no disciplinary actions. Kidd is a citizen of the United States and is a resident of Calhoun County, Illinois. Kidd is a person aggrieved under the statue.

3. The Defendant City of Jasper, Alabama, is a government entity and municipality operating as a political subdivision of the State of Alabama, at all times relevant to this action. The City of Jasper is subject to suit under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section2000e et seq., and 42 U.S.C. Sec. 1983. The defendant employs at least 15 persons.

4.     The Defendant, Mayor David O' Mary (hereinafter Mary), is the elected Mayor of the City of Jasper, Alabama, a political subdivision of the State of Alabama, at all times relevant to this action. The Mayor is sued in his individual capacity pursuant to 42 U.S.C. Sec. 1983 and the Fourteenth Amendment to the United States Constitution.  All of the actions of defendant, O 'Mary were under the color of state authority. O 'Mary is Caucasian.

5.     The Defendant, Joe Matthews, Manager Parks and Recreation Department (hereinafter Matthews), was the Manager of the Street and Sanitation Department for City of Jasper, Alabama, a political subdivision of the State of Alabama, at all times relevant to this action.  Matthews is sued in his individual capacity pursuant to 42 U.S.C. Sec. 1983 and the Fourteenth Amendment to the United States Constitution. All of the actions of defendant, Matthews were under color of state authority. Matthews is Caucasian.

## STATEMENT OF FACTS

6.     Kidd is an African American male over the age of 19 years and was employed with the defendant City of Jasper for approximately 3 1/2 years as a temporary employee who was hired June 25, 2013. During that 3 1/2 year period Kidd did not receive any write ups or disciplinary actions. Following his 3 1/2 years as a temporary employee Kidd was hired to a full-time position in the Parks

and Recreation Department under the supervision of Joe Matthews, a white male, manager. On or about June 20, 2016, the day before Kidd would have completed his probationary period Kidd's employment was terminated by the defendants.

7. No reason was given for the termination of Kidd's employment and during his initial 3 1/2 years of employment and his probationary period, Kidd never received any type of disciplinary action or write up. Upon information and belief the defendant, City of Jasper has a progressive disciplinary policy which requires it to document disciplinary actions and to give employees the chance to correct their behavior. Indeed, the City of Jasper, in responding to a request for information from the State of Alabama Department of Labor Unemployment Compensation Division concerning Kidd's termination, the City of Jasper responded that, "**Due to documentation not being obtained from department we had no explanation or justification for termination to submit to UC. " DB."(Darlene Boschell)  (EXHIBIT C).** Kidd ultimately received his unemployment compensation.

8. Moreover, Kidd was first employed with the respondent for 3 to 3 ½ years as a part time employee without the same or similar benefits of a full-time employee. Upon information and belief, the respondent discriminates by hiring African American employees to temporary positions, but hiring whites

immediately into regular full-time positions with full benefits.  Kidd successfully performed his job duties and never received any write-ups or disciplinary actions, however, his employment was terminated on June 20, 2016 the day prior to completion of his probationary period.

9. The day before Kidd completed his 6-month probationary period his employment was terminated because of his race, African American, by the City of Jasper, Mary and Matthews.  Prior to termination, Kidd had **never** received any write-ups or disciplinary actions.

10. Upon information and belief, other African American employees have been hired to part-time or temporary positions to avoid paying them benefits whereas, white employees are hired to full-time permanent positions with benefits. For example, Darius Dickinson, an African American, was also hired to a part-time position rather than a full-time position with benefits. Since Kidd's termination, upon information and belief, two white employees have been hired to full-time permanent positions.

11. The actions of the Defendants were done to prevent Plaintiff, an African American, from becoming a permanent full time employee with benefits because of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §1981 because of his race, through §1983, because all alleged actions were taken under color of state authority. The actions of the

defendants, whether plural or singular, violated rights of Kidd protected by the Fourteenth Amendment to the U.S. Constitution.

12. Upon information and belief defendants have a policy, evidenced by an established pattern and practice of discrimination against African American employees.

13. The Plaintiff was directly affected by these practices by being deprived of the right to work in an environment free from racial discrimination and his employment was terminated because of his race.

14. As a consequence and effect of defendant's unlawful conduct and practices, plaintiff has been and is now deprived of income and other compensation and benefits due him because of his race.

15. Plaintiff further has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of defendants unlawful discriminatory conduct.

16. Defendants engaged in the discriminatory practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

17. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, compensatory

damages, injunctive relief and declaratory judgment is Plaintiff's only means of securing adequate relief.

18. The Plaintiff is now suffering and will continue to suffer irreparable injury for the defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

## **COUNT ONE—RACIAL DISCRIMINATION IN VIOLATION OF 42 U.S.C. SECTION 1983 ( AND SECTION 1981) AND VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AGAINST THE INDIVIDUAL DEFENDANTS**

19. The Plaintiff re-alleges and incorporates by reference Paragraphs 1-18 with the same force and effect as if fully set out in specific detail herein below.

20. The effect of defendant's O 'Mary and Matthew's discrimination on the basis of race as outlined above has been to deprive Plaintiff of the same right to make and enforce contracts as is enjoyed by similarly-situated white persons in violation of 42 U.S.C.§1981. Plaintiff was denied the right to permanent employment with the defendant.

21. As further consequence and effect of defendant's unlawful conduct and practices, Plaintiff has been and is now deprived of income and other compensation and benefits due him, because of his race.

22. Plaintiff further has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of defendants unlawful discriminatory conduct.

23. Defendants actions were so obviously wrong in light of pre-existing law that only a plainly incompetent official or one who was knowingly violating the law would have done such a thing.

24. Defendants violated clearly established law pursuant to 42 U.S.C. Section 1983 (and 42U.S.C. Section 1981) and the Fourteenth Amendment to the United States Constitution, and a reasonable official would have known or should have known that their actions violated Kidd's statutory and Constitutional rights.

25. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for compensatory damages, injunctive relief and declaratory judgment is Plaintiff's only means of securing adequate relief.

26. The Plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

27. Each right of the Plaintiff at the time of the violation was clearly established and the defendants either knew or should have known that they were violating Kidd's clearly established constitutional right to employment.

# COUNT TWO—TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDMED, THE CIVIL RIGHTS ACT OF 1991 BROUGHT AGAINST THE CITY OF JASPER, ALABAMA

28. The Plaintiff re-alleges and incorporates by reference paragraphs 1-27 with the same force and effect as if fully set out in specific detail herein below.

29. The effect of defendant City of Jasper's discrimination on the basis of race has been to deprive Plaintiff of his statutory rights in violation of Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, Section 1981(a) because of his race. Plaintiff alleges that he was discriminated against and his employment terminated because of his race. Moreover, the plaintiff alleges that the defendant City of Jasper has progressive disciplinary policy, however, during his employment both as a temporary employee and as a probationary employee, the plaintiff never received any write ups or disciplinary actions against him. However, his employment was terminated the day before the completion of his probationary period.

30. Kidd was denied permanent full time employment because of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991. Defendant implemented and executed a series of policies and decisions officially adopted and promulgated that were the moving force behind

the deprivations suffered by Plaintiff including the loss of employment and income and a full time job position.

31. The City of Jasper engaged in the discriminatory practices complained of herein with malice and or reckless indifference to Plaintiff's federally protected rights.

32. The City of Jasper actions were so obviously wrong in light of pre-existing law that only a plainly incompetent official or one who was knowingly violating the law would have done such a thing.

33. The City of Jasper violated clearly established law and a reasonable official would understand that defendant's actions violated those clearly established rights.

34. As a consequence and effect of defendant's unlawful conduct and practices, plaintiff has been and is now deprived of income and other compensation and benefits due him because of his race.

35. Plaintiff further has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of defendants unlawful discriminatory conduct.

36. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for compensatory damages,

injunctive relief and declaratory judgment is Plaintiff's only means of securing adequate relief.

37. The Plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

38. Each right of the Plaintiff at the time of the violation was clearly established and the defendants either knew or should have known that they were violating Kidd's clearly established constitutional right to employment.

## STATE LAW BREACH OF CONTRACT

39. The Plaintiff re-alleges and incorporates by reference Paragraphs 1 - 38 with the same force and effect as if fully set out in specific detail herein below.

40. Plaintiff alleges that there existed a valid contract between himself and the Defendants that required he to be subjected to a progressive disciplinary policy which required reporting and a write-up prior to termination of his employment.

41. Defendants failed to notify the plaintiff of any deficiency in his job performance and breached their contract with the plaintiff which required them to follow a progressive disciplinary policy.

42. As a result of the Defendants actions, Plaintiff has suffered substantial monetary loss, loss income, embarrassment, humiliation, mental distress and emotional pain and anguish.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendants are in violation of the rights of the Plaintiff as secured by Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights of 1866, 42 U.S.C. §1981, 42 U.S.C. §1983, and the Fourteenth Amendment, Equal Protection Clause, to the United States Constitution.

2. Grant Plaintiff a permanent injunction enjoining the defendants, its agents successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1866, 42 U.S.C. §1981, 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution.

3. Enter an Order requiring the defendants to make the Plaintiff whole by awarding plaintiff lost income, equitable and injunctive relief and punitive and compensatory damages.

4. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

/s/Byron R. Perkins
BYRON R. PERKINS(PER039)
Attorney for Plaintiff


/s/ Byron G. McMath
Byron G. McMath  (MCM028 )
Attorney for Plaintiff

**OF COUNSEL:**
**PERKINS-LAW, L.L.C.**
2170 Highland Ave. South
Suite 100
Birmingham, AL 35205
(O) 205-558-4696
(F)  205-558-4616
 bperkins@perkins-law.com

**Byron G. McMath, Esq.**

**McMATH LAW**

**301 20th Street West**

**Jasper, Alabama 35501**

**(O) (205) 221-2826**

**(f)  (205) 221-4680**

 bgm@mcmathlawfirm.com

## PLEASE SERVE THE DEFENDANTS VIA CERTIFIED MAIL RETURN RECEIPT

**City of Jasper, Alabama**
**400 W 19th Street**
**Jasper, Alabama  55501**

**Mayor David O'Mary**
**400 W 19th Street**
**Jasper, Alabama  55501**

**Joe Matthews**
**Supervisor PARKS and RECREATION**
**400 W 19th Street**
**Jasper, Alabama  55501**